UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>           Plaintiff,<br><br>      v.<br><br>E. OGUNTUASE,<br><br>           Defendant. | Case No.  2:21-cv-01558-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED<br><br>ECF No. 15<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Forrest Kendrid, a civil detainee at California Medical Facility in Vacaville,[1] is proceeding without counsel on a claim of deliberate indifference.  Defendant moves to revoke plaintiff's *in forma pauperis* ("IFP") status and to dismiss the complaint on the basis that plaintiff has sufficient money to pay the filing fee.  ECF No. 15.  Plaintiff opposes the motion, ECF No. 17, and defendant has replied, ECF No. 18.  Plaintiff has also filed a second opposition, or sur-reply, seeking permission to file another IFP form to correct any errors that might be present in the first form.  ECF No. 19.  I recommend defendant's motion be denied.

---

[1] Although plaintiff has at times been characterized as a prisoner, he is instead a civil detainee whose deliberate indifference claim arises under the Fourteenth Amendment rather than the Eighth Amendment.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 556-57 (9th Cir. 2018).

1

On August 30, 2021, plaintiff moved to proceed IFP. ECF No. 2. He filed an account statement on September 10. ECF No. 5. The court found, based on these filings, that plaintiff met the requirements to proceed IFP and granted his motion. ECF No. 8. Defendant now moves to revoke plaintiff's IFP status and to dismiss this case, claiming that the application and account statement demonstrate that plaintiff can afford to pay the filing fee. ECF No. 15-1 at 3.

The court may dismiss an IFP case if it determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). A showing of an IFP application's inaccuracy is not, standing alone, sufficient to justify dismissal of a lawsuit. Rather, the application must have been created in bad faith. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015). If the court declines to find bad faith but does find that plaintiff's allegation of poverty was untrue, a lesser sanction may be appropriate, such as a revocation of IFP—and requiring that the filing fee be paid. *See Witkin v. Lee*, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).

Here, defendant does not allege that plaintiff's IFP application was either inaccurate or untrue. Absent bad faith, the sanction of dismissal would be inappropriate. *See Escobedo*, 787 F.3d at 1234 n.8. Instead, the motion takes issue with the court's conclusion that the amount of funds in plaintiff's account qualify him for IFP status. As such, defendant has shown no basis for revocation of plaintiff's IFP status.[2]

Accordingly, it is hereby RECOMMENDED that defendant's motion to revoke plaintiff's IFP status, ECF No. 15, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and

---

[2] Additionally, defendant does not expressly seek reconsideration of the order granting plaintiff's application to proceed *in forma pauperis*.

Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 24, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE