UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID, | Case No. 2:21-cv-01558-WBS-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED IN PART |
| v. | |
| E. OGUNTUASE, | |
| Defendant. | ECF No. 15 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff Forrest Kendrid, a civil detainee at California Medical Facility in Vacaville, brings this case pro se, alleging that defendant violated his rights under the Fourteenth Amendment by exhibiting deliberate indifference to his serious medical needs. ECF No. 1 at 2-3. Alongside his complaint, plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. Therein, he attested that he was not employed, that his only income in the prior twelve months had been from a lawsuit settlement, and that he had "two thousand" dollars in cash savings. *Id.* A subsequently filed inmate trust account statement showed a balance of $2,415.71. ECF No. 5. Based on these filings, I granted plaintiff's application on November 17, 2021. ECF No. 8.

      On January 18, 2022, Defendant moved to revoke plaintiff's IFP status and to dismiss this case, arguing that the application and account statement show that he can afford to pay the filing

1   fee. ECF No. 15-1 at 3. Plaintiff filed an opposition, ECF No. 17, defendant replied, ECF
2   No. 18, and plaintiff filed a sur-reply, ECF No. 19. On August 25, 2022, I found that defendant
3   had not shown that plaintiff's IFP application had been made in bad faith and recommended that
4   the motion to revoke be denied. ECF No. 23. The district judge declined to adopt these
5   recommendations and remanded for further proceedings in light of the funds in plaintiff's prison
6   trust account and any other assets he may have available. ECF No. 25 at 2. For the reasons
7   below, I now recommend that the motion to revoke be granted.

8       A court may dismiss an IFP case if it determines that "the allegation of poverty is untrue."
9   28 U.S.C. § 1915(e)(2)(A). Inaccuracy in an IFP application is not, standing alone, sufficient to
10  justify dismissal of a lawsuit. Rather, the application must have been created in bad faith. *See*
11  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015). If the court declines to find bad
12  faith but does find that plaintiff's allegation of poverty was untrue, a lesser sanction may be
13  appropriate, such as a revocation of IFP—and requiring that the filing fee be paid. *See Witkin v.*
14  *Lee*, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted,
15  2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec.
16  9, 2020).

17      As an initial matter, there is no evidence that plaintiff's IFP application was materially
18  inaccurate or made in bad faith. Defendant does not argue otherwise and, instead, contends that
19  the action should be dismissed because plaintiff had the ability to pay the filing fee at the outset
20  and failed to do so. ECF No. 15-1 at 3-4. The question then is whether plaintiff was
21  appropriately qualified for IFP status when he submitted his application.[1] "[T]here is no formula
22  set forth by statute, regulation, or case law to determine when someone is poor enough to earn
23  IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, an IFP
24  application is sufficient when it shows "that one cannot because of his poverty pay or give

---

[1] Neither party has addressed where the burden falls in this analysis. In adjudicating an IFP in the first instance, the burden is on the plaintiff to show that he cannot afford to pay the filing fee and still afford the necessities of life. Here, although I initially granted the IFP application, the district judge has remanded for further proceedings. ECF No. 25 at 2. I will adjudicate the matter as if the petition were before me in the first instance.

security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff meets the poverty threshold to qualify for IFP status, courts generally distinguish between "prisoners, [who] have limited overhead," and non-incarcerated plaintiffs "who must pay for the roof over [their] head[s] and the food on [their] table[s] or go without shelter and sustenance." *Escobedo*, 787 F.3d at 1236.  Plaintiff is a civil detainee and, as such, has basic necessities like shelter, food, and medical care provided for him by the state.  Thus, his situation may be akin to that of a prisoner, in that possession of even modest assets might preclude IFP status.  *See Hill v. Allison*, No. 2:22-cv-0718-KJM-EFB (PC), 2022 U.S. Dist. LEXIS 201200, *5 (E.D. Cal. Nov. 22, 2022) ("For a civil detainee like plaintiff, who also has 'limited overhead' by reason of his civil detention, the *Escobedo* decision might suggest a different calculation [from a non-incarcerated plaintiff].").[2]  As noted above, plaintiff had approximately $2,400 at the time of filing, an amount more than sufficient to cover the filing fee.  ECF Nos. 2 & 5.  Accordingly, I find that plaintiff should not have been granted IFP status.[3] I will recommend that defendant's motion to revoke be granted in part.  Based on the information before the court, plaintiff's IFP status should be revoked, but given the absence of bad faith or misrepresentation, I decline to recommend that this action be dismissed.  Instead, within thirty days of any order adopting these recommendations, plaintiff should either pay the full filing fee or, if his financial circumstances have materially changed since filing this case, he may file a new application to proceed IFP.[4]

Accordingly, it is ORDERED that my previous findings and recommendations, ECF No. 23, are WITHDRAWN.

---

[2] The quoted language notwithstanding, the district judge ultimately referred the question of whether that plaintiff should proceed IFP back to the magistrate judge for additional analysis.

[3] I note that plaintiff has already been provided the benefit of service of process, a cost he would have borne had his IFP application been denied at the outset.

[4] "IFP status may be acquired or lost throughout the course of the litigation." *Stevhouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal 1994), *aff'd in pertinent part sub. nom*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (remanding to "the district court to review [the plaintiff's] present economic situation and fit a fee to the economic facts" following the plaintiff's parole from prison).  I must also consider whether plaintiff is presently able to pay the filing fee.

Further it is RECOMMENDED that defendant's motion to revoke, ECF No. 15, be GRANTED in part.  Plaintiff's IFP status be REVOKED and, within thirty days of any order adopting these findings, he must either tender the full filing fee or submit a new application to proceed IFP.  Defendant's motion should be DENIED in all other respects.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  January 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4