UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>  Plaintiff,<br><br>  v.<br><br>E. OGUNTUASE,<br><br>  Defendant. | No.  2:21-cv-01558-WBS-JDP (PC)<br><br>ORDER |

Plaintiff is a civil detainee proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff has filed two motions for the appointment of counsel and one motion seeking leave to file an amended complaint. ECF Nos. 40 & 43.

On July 24, 2023, plaintiff filed an unsigned complaint without first seeking leave to amend. ECF No. 41. The court ordered that the complaint be disregarded pursuant to Federal Rules of Civil Procedure 11(a) and 15 but granted plaintiff thirty days to seek leave to amend his complaint and refile a signed complaint. ECF No. 42. Plaintiff has sought leave to amend, which is granted. Plaintiff shall file a signed complaint within thirty days of this order's entry.

The court does not find that appointment of counsel is warranted. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can

request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

      Plaintiff argues in his first motion for counsel that certain medications alter his judgment, he is confined to his bed or wheelchair, and he cannot read, write, or access the law library because of his disabilities.  ECF No. 40.  In the second motion, plaintiff similarly argues that his disabilities prohibit him from accessing the law library and that he is unable to response to court orders or oppose defendants' motions without assistance.  ECF No. 43.  While the court accepts plaintiff's statements about his disabilities and understands that it is difficult to litigate in prison, after considering factors for the appointment of counsel, the court finds no exceptional circumstances present.  Plaintiff has proficiently litigated this action for approximately two years and, because he is in the process of amending his complaint, the court cannot conclude that he has demonstrated that that issues are complex or that he is likely to succeed on the merits.

      Accordingly, it is hereby ORDERED that:

      1. Plaintiff's motion for the appointment of counsel, ECF No. 40, is denied.

      2. Plaintiff's motion for the appointment of counsel and for leave to file an amended complaint, ECF No. 43, is denied in part and granted in part.

        a. Plaintiff's request for counsel is denied.

        b. Plaintiff's request for leave to amend is granted.  Plaintiff shall file a signed complaint within thirty days of issuance of this order.

IT IS SO ORDERED.

Dated:   August 21, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE