UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>E. OGUNTUASE,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01558-WBS-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION TO MODIFY THE SCHEDULING ORDER<br><br>ECF Nos. 53 & 54<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO AMEND BE DENIED<br><br>ECF No. 54<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff, a civil detainee proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed two motions; the first seeks the appointment of counsel and reconsideration of my prior order denying counsel, and the second seeks to amend the complaint and to modify the scheduling order. ECF Nos. 53 & 54. Defendant has filed an opposition to only plaintiff's second motion. ECF No. 55. For the reasons stated below, plaintiff's first motion is denied, and I recommend that his second motion also be denied.

**Motion to Appoint Counsel and for Reconsideration**

Plaintiff seeks the appointment of counsel and for the court to reconsider its previous order denying his request for counsel. ECF No. 53. Plaintiff argues that due to his disabilities, he is unable to communicate with the court or prosecute this action. *Id.* at 2. He also contends that he had assistance from individuals in his previous filings, but now he does not have the same help. *Id.* at 2-3.

Since this motion was filed less than twenty-eight days after judgment was entered, Rule 59(e) applies to plaintiff's motion. Generally, a court will reconsider a prior order when it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff has not presented any new evidence, demonstrated that the prior order was manifestly unjust, or otherwise shown any reason that would justify a reconsideration of my order denying the appointment of counsel. Plaintiff has been able to adequately articulate his claims thus far. "So long as a pro se litigant is able to 'articulate his claims against the relative complexity of the matter,' the 'exceptional circumstances' that might require the appointment of counsel do not exist." *Lanham v. Kirkegard*, No. CV 15-9-H-DLC-JTJ, 2015 WL 1345534, at *7-8 (D. Mont. Mar. 23, 2015) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

1 involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

2 I do not find the required exceptional circumstances. Plaintiff seeks to amend his
3 complaint so I cannot adequately assess either whether the allegations are complicated or whether
4 there is a likelihood of success on the merits. Further, plaintiff has demonstrated, in at least his
5 latest two filings, that he is able to adequately articulate his claims and prosecute this action.

**Motion to Amend**

7 Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when
8 justice so requires." Courts should generally be liberal in allowing a party to amend. *Sonoma*
9 *Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Leave to
10 amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory
11 motive on the part of the movant, repeated failure to cure deficiencies by amendments previously
12 allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]
13 futility of amendment . . . . *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in
14 original). Of these elements, the prejudice to the opposing parties is assigned the greatest weight.
15 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

16 Plaintiff seeks to amend his complaint because he was released from the hospital on
17 December 23, 2023, and needs additional time to amend his complaint. ECF No. 54. Defendant
18 opposes, arguing that plaintiff has been dilatory in seeking amendment and that defendant would
19 be prejudiced because plaintiff has already been deposed. ECF No. 55.

20 I find that there is no undue delay here. The scheduling order provides that the deadline
21 for amending the complaint is January 5, 2024, ECF No. 39, and plaintiff filed his motion to
22 amend on January 2, 2024, ECF No. 54. With that said, plaintiff has not attached a proposed
23 amended complaint to his motion, so I cannot analyze it properly. I will therefore recommend
24 that plaintiff's motion to amend be denied without prejudice. *See Fletcher v. Dzurenda*, No.
25 2:18-CV-01077-RFB-VCF, 2020 WL 13748446, at *1 (D. Nev. June 16, 2020) (denying the pro
26 se prisoner's motion to amend for failure to attach the proposed amended complaint). However,
27 since plaintiff's motion to amend was timely filed, I will grant plaintiff thirty days to file a
28 proposed amended complaint. Should plaintiff not file a proposed amended complaint within

3

1  thirty days, this action will proceed on plaintiff's complaint filed on August 30, 2021.

**Motion to Modify the Scheduling Order**

Plaintiff seeks an extension of the scheduling order because he was unaware that he could seek discovery from defendants. ECF No. 54. Because plaintiff has not specified what deadlines he seeks to extend or articulated good cause to modify the scheduling order, I will deny his request at this time. Should plaintiff seek to modify the scheduling order in the future, he should include the lengthen of the requested extension, the specific deadlines he wishes to extend, and good cause for why the court should grant his request.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 53, is denied.

2. Plaintiff's motion for reconsideration, ECF No. 53, is denied.

3. Plaintiff's motion to modify the scheduling order, ECF No. 54, is denied.

4. Plaintiff may file an amended complaint within thirty days.

Further, it is hereby RECOMMENDED that plaintiff's motion to amend, ECF No. 54, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

IT IS SO ORDERED.

Dated:   April 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE